IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL MCCOY O'NEAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-2374-B-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael McCoy O'Neal, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, Petitioner's habeas application should be dismissed on limitations grounds.

**Background**

Petitioner states that he was convicted in Cause No. 29796-86 in the 86th District Court of Kaufman County, Texas, and he received a twenty-five year sentence on October 5, 2011. *See* Dkt. No. 3 at 2. Petitioner did not appeal. *See* Dkt. No. 3 at 3. Petitioner states he filed a state habeas corpus application on May 2, 2014, but he does not state the date of the decision, if any, on his state habeas application. Public records show his state habeas corpus application was denied on August 20, 2014. *See Ex parte O'Neal*, WR-81,640-01 (Tex. Crim. App. Aug. 20, 2014).

Petitioner reports that his federal habeas petition was placed in the prison mail

system on June 25, 2014. *See* Dkt. No. 3 at 10. Petitioner contends that his guilty plea was involuntary and that the trial court failed to consider his history of mental inability to knowingly and intelligently plead guilty. *See id.* at 6; Dkt. No. 4 at 4. Petitioner also asserts he received ineffective assistance of trial counsel because counsel failed to investigate the facts of the case and mental competency issues. *See* Dkt. No. 3 at 6; Dkt. No. 4 at 6.

This Court noted that the petition appears to be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and directed Petitioner to show cause why the petition should not be dismissed as time-barred. *See* Dkt. No. 7. Petitioner has not responded, and the time to respond has expired. *See id.*

## Legal Standards

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Based on Petitioner's claims, Section 2244(d)(1)(A) applies.

## Analysis

The judgment became final when the time to appeal expired, which was thirty days after sentence was imposed. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Petitioner was convicted and sentenced on October 5, 2011, and the last day on which he could have appealed was November 4, 2011, making his federal petition due on November 4, 2012.

Petitioner filed a state habeas corpus application on May 6, 2014. The Section 2254(d) limitations period already expired by then, and the state writ application did not toll the limitations period.

Petitioner states that he placed his federal habeas petition in the prison mail system on June 25, 2014. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (prison mailbox rule applies to federal habeas petitions). But the Section 2254(d) limitations period had already expired on November 4, 2012. The federal habeas petition is untimely.

The one-year limitations period is subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling principally applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. See

-3-

*Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006). The petitioner has the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). A petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

The United States Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *See id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Petitioner's federal petition addresses the timeliness of his petition. *See* Dkt. No. 3 at 9. Petitioner contends that he raises constitutional issues regarding his mental competency and ineffective assistance of counsel to establish "cause and prejudice." But whether a claim has merit is not a factor used in determining whether a federal habeas petition is timely, and it is not a basis for equitable tolling. Petitioner does not raise a claim of actual innocence.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE